UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ULISES MARTINEZ, an individual

   Plaintiff(s),

v.

Judge:
Case No.:
**08-22287-CIV-HOEVELER/GARBER**

EXPERIAN INFORMATION SOLUTIONS, INC.
EQUIFAX INFORMATION SERVICES, LLC.
TRANSUNION, L.L.C.
WEST ASSET MANAGEMENT, INC.
COLLECTO, INC.
a/k/a US ASSET MANAGEMENT, INC.

   Defendant(s),
_____/

FILED by IG D.C.
ELECTRONIC
AUG. 14, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

# COMPLAINT

   **Plaintiff, ULISES MARTINEZ,** on behalf of himself, through the undersigned attorney, files this Complaint against **EXPERIAN INFORMATION SOLUTIONS, INC. (herein "EXPERIAN"), TRANSUNION, LLC (herein "TRANSUNION"), EQUIFAX INFORMATION SERVICES, LLC. (herein "EQUIFAX"), WEST ASSET MANAGEMENT, INC. (herein "WEST ASSET"), COLLECTO, INC., a/k/a US ASSET MANAGEMENT, INC. (herein "US ASSET")** and states as follows:

### A. JURISDICTION

1. This is an action for damages brought by and individual consumer against the defendants for violations of the Fair Credit Reporting Act (herein the "FCRA") 15 U. S. C. § 1681 et seq., as

Page 1 of 11

amended and the Federal Debt Collections Practices Act 15 U.S.C. § 1692 et seq., as applicable.

2. Jurisdiction of this Court arises under 15 U. S. C. § 1681p, 28 U. S. C. § 1331, 1337 and 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

3. The Defendant **EXPERIAN** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **EXPERIAN** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **EXPERIAN** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

4. The Defendant **EQUIFAX** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **EQUIFAX** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **EQUIFAX** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

5. The Defendant **TRANSUNION** is a business entity that regularly conducts business through out every state and county in the United States and, as a corporation that conducts business in the State of Florida, is a citizen of the State of Florida. **TRANSUNION** is a "consumer reporting agency", as defined in 15 U.S.C. §1681(f). **TRANSUNION** is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. The Defendant **US ASSET** is a business entity that regularly conducts business through out the State of Florida is a citizen of the State of Florida. This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681.

6. The Defendant **WEST ASSET** is a business entity that regularly conducts business through out the State of Florida is a citizen of the State of Florida. This Defendant is also a furnisher of information as stated in 15 U. S. C. §1681

### B. VENUE

7. The venue is proper in the United States District Court for the Southern District of Florida based upon the following:

    a.    The violations of the FCRA/FDCPA alleged below occurred and/or were committed in **Miami Dade** County, Florida, in the Southern District of Florida;

    b.    At all times material hereto, Defendants, were and continue to be corporations engaged in the business and/or activity of reporting under the FCRA/FDCPA in **Miami Dade** County, Florida and as such are citizens of the State of Florida.

8. Plaintiff, **ULISES MARTINEZ,** (hereinafter "Plaintiff"), is an individual residing in the County of **Miami Dade,** State of Florida, and is a "consumer" as that term is defined by 15 U. S. C. § 1681 et seq., as amended and 15 U.S.C. § 1692 et seq.

9. All Defendants are business entities which regularly conduct business through out most every state and county in the United States and as corporations that conduct business in the State of Florida, they are all citizens of the State of Florida.

## C. FACTS COMMON TO ALL COUNTS

10.    Plaintiff is an individual consumer as defined by the FCRA §1681, et seq., as amended. Plaintiff is alleged to have incurred a financial obligation for primarily personal, family or household purposes, of which was obtained fraudulently without his permission or knowledge.

11. Plaintiff sent dispute letters to Defendants **EQUIFAX, EXPERIAN & TRANSUNION** including his personal identification, stating that these accounts did not belong to him.

12. Plaintiff stated that he had been the victim of identity theft.

13. Plaintiff informed **EQUIFAX, EXPERIAN, & TRANSUNION** that the **US ASSET** account did not belong to him & were acquired through fraudulent means.

14. Plaintiff informed **EQUIFAX, EXPERIAN, & TRANSUNION** that the **WEST ASSET** account did not belong to him & were acquired through fraudulent means.

15. Defendants **EQUIFAX, EXPERIAN & TRANSUNION** received this dispute letter and/or package on September 13, 2007 via certified mail.

16. Defendant **EQUIFAX, EXPERIAN & TRANSUNION** received his package on or about September 20, 2007, but failed to properly conduct a reasonable investigation.

17. Upon information and belief, **EQUIFAX, EXPERIAN & TRANSUNION** sent some type of notice to **US ASSET** using a consumer dispute verification form or automated consumer dispute verification.

18. Upon information and belief, **US ASSET** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

19. Upon information and belief, **EQUIFAX, EXPERIAN & TRANSUNION** sent some type of notice to **WEST ASSET** using a consumer dispute verification form or automated consumer dispute verification.

20. Upon information and belief, **WEST ASSET** verified this account belonged to the Plaintiff and represented that it should not be deleted from Plaintiff's credit report.

21. Thereafter, **EQUIFAX, EXPERIAN, & TRANSUNION** responded to Plaintiff's dispute letter, verified these fraudulent accounts.

22. **EQUIFAX, EXPERIAN & TRANSUNION** continued to report these fraudulent accounts on his retail credit report, and refused to delete said fraudulent accounts.

23. Plaintiff has been damaged as a direct and proximate cause of Defendants actions because the derogatory information reported has impaired his normal ability to obtain financial lending as it reflects incorrect, inaccurate, misleading, and/or false information.

## D. CAUSES OF ACTION

**COUNT ONE**
**VIOLATION OF THE**
**Fair Credit Reporting Act by**
**Defendants EQUIFAX , EXPERIAN & TRANSUNION**
**15 U.S.C § 1681, et seq.**

24.     Plaintiff incorporates paragraphs 1 through 23 as though fully stated herein.

25.     In the entire course of its actions Defendants **EQUIFAX, EXPERIAN & TRANSUNION** willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing, in the preparations of the consumer reports concerning Plaintiff to follow reasonable procedures to assure maximum possible accuracy of the information in the report.

   b. By willfully and/or negligently failing, to disclose the nature and substance of all information in its files on the plaintiff at the time of the request in violation of § 1681g(a)(1) of the FCRA.

   c. By willfully and/or negligently failing, to delete incomplete and inaccurate information on Plaintiff's file after conducting a reinvestigation, in violation of § 1681i(a) of the FCRA.

    d. By willfully and/or negligently failing, to contact the sources suggested by Plaintiff during the reinvestigation in violation of § 1681i(a) of the FCRA.

    e. By willfully and/or negligently failing, to provide subsequent users of the report with Plaintiffs statement of dispute or a summary thereof, in violation of § 1681i(c) of the FCRA.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against Defendants **EQUIFAX, EXPERIAN & TRANSUNION** for:

- For an award of actual damages;
- For an award of statutory damages;
- For an award of Punitive damages;
- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

## COUNT TWO
## VIOLATION OF THE
## Fair Credit Reporting Act
## By US ASSET & WEST ASSET
## 15 U.S.C § 1681s-(2)(b), et seq.

26. Plaintiff incorporates paragraphs 1 through 23 as though fully stated herein.

27. At all times pertinent hereto, these Defendants were a "person" as that term is defined by 15 U. S. C. § 1681a(b).

28. These Defendants violated § 1681n and § 1681o of the FCRA by engaging in the following conduct that violates 15 U. S. C. § 1681s(2)(b). In the entire course of its actions Defendants willfully and/or negligently violated these provisions of the FCRA in the following respects:

   a. By willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

   b. By willfully and/or negligently failing, to review all relevant information concerning Plaintiff's account provided to these Defendants;

   c. By willfully and/or negligently failing, to report the inaccurate status of the inaccurate information to all credit reporting agencies;

Page 9 of 11

d. By willfully and/or negligently failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation.

e. By willfully and/or negligently failing, to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by plaintiff.

f. By willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning the plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate.

g. By willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U. S. C. § 1681s-(2)(b).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays that judgment be entered against these Defendants for:

- For an award of actual damages;

- For an award of statutory damages;

- For an award of Punitive damages;

- For all inaccurate information reported by defendants to be permanently deleted from Plaintiffs credit reports and files.

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n and § 1681o against the Defendant; and

## E. JURY TRIAL DEMAND

Plaintiff is entitled to and hereby demands a Trial by Jury as stated in the US Const. Amend. 7 and Fed. R. Civ. Pro. 38.

Dated and filed this 22nd day of July of 2008.

Respectfully submitted,
Law Offices of
**GHAZAL & GOMEZ, LLC.**
**ATTN: MICHAEL GOMEZ, ESQ.**
Attorney for Plaintiff
1930 Tyler Street
Hollywood, FL 33020
Tel. 954.921.7676
Fax. 954.925.7816

File by: Samira Ghazal, ESQ.
FBN: 0864617

Page 11 of 11

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as r by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Ulises Martinez

**DEFENDANTS**
Experian, Equifax, Transunion, West Asset, Collecto A/K/A US Asset

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) 954-921-7676
Michael Gomez
1930 Tyler St. Hollywood, FL 33020

ATTORNEYS (IF KNOWN)

FILED by IG D.C.
ELECTRONIC
AUG. 14, 2008
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

(d) CIRCLE COUNTY WHERE ACTION AROSE: (DADE,) MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVE

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties In Item III)

Dade 08CV22287-Hoeveler/Garber

**III. CITIZENSHIP OF PRINCIPAL P** (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | |
| Citizen or Subject of Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | B☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | PERSONAL INJURY ☐ 362 Personal Injury — Med. Malpractice ☐ 365 Personal Injury — Product Liability ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | B☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | B☐ 640 R.R. & Truck | A PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers Liability | B☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | B☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | PERSONAL PROPERTY ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal Property Damage ☐ 385 Property Damage Product Liability | B☐ 890 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | A LABOR | B SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | HABEAS CORPUS: | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 740 Railway Labor Act | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | ☐ 790 Other Labor Litigation | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☒ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights B☐ 555 Prison Condition | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | A OR B |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

FCRA

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

DEMAND $ _____

CHECK YES only if demanded in complaint

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions): JUDGE _____ DOCKET NUMBER _____
IF ANY

DATE 8/7/08

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY
RECEIPT # 985437  AMOUNT $350.00  APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

08/14/08